AO 108 (Rev. 06/09) Application for a Warrant to Seize Property Subject to Forfeiture

# UNITED STATES DISTRICT COURT
for the
Southern District of Ohio

| | |
|---|---|
| In the Matter of the Seizure of<br>*(Briefly describe the property to be seized)*<br>A 2013 Chrysler 200, VIN 1C3CCBBB0DN574030, equipped with aftermarket hidden compartments, bearing Oklahoma license plate "KWJ748." | ) ) ) ) ) ) Case No. 2:21-mj-216 |

## APPLICATION FOR A WARRANT
## TO SEIZE PROPERTY SUBJECT TO FORFEITURE

I, a federal law enforcement officer or attorney for the government, request a seizure warrant and state under penalty of perjury that I have reason to believe that the following property in the __Southern__ District of __Ohio__ is subject to forfeiture to the United States of America under __21__ U.S.C. § __853 / 881__ *(describe the property)*:

A 2013 Chrysler 200, VIN 1C3CCBBB0DN574030, equipped with aftermarket hidden compartments, bearing Oklahoma license plate "KWJ748."

The application is based on these facts:
See attached Affidavit incorporated herein by reference.

☒ Continued on the attached sheet.

_____
*Applicant's signature*

Christopher L. Ellison, Task Force Oficer, DEA
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 3/31/2021

_____
*Judge's signature*

City and state: Columbus, Ohio

Chelsey M. Vascura, U.S. Magistrate Judge
*Printed name and title*

## **AFFIDAVIT IN SUPPORT OF AN APPLICATION FOR A SEIZURE WARRANT**

I, Christopher L. Ellison, having been duly sworn, depose and state:

1. I am employed as a Sergeant for the Ohio State Highway Patrol, currently assigned fulltime as a Task Force Officer (TFO) with the Drug Enforcement Administration (DEA), Columbus District Office. As such, I am an "investigative or law enforcement officer" of the United States within the meaning of 18 U.S.C. § 2510(7), that is, an officer of the United States empowered by law to conduct criminal investigations and make arrests for offenses enumerated in 18 U.S.C. § 2516. Your affiant has been employed by the State of Ohio as a "Law Enforcement Officer," as defined in the Ohio Rev. Code, Section 2901.01, since 2004. Your affiant is empowered to investigate, to make arrests with or without warrants and to execute search warrants under the authority of Title 21 U.S.C. § 878 and the Ohio Rev. Code.

2. Prior to being assigned to the DEA Task Force, your affiant was the assistant commander of an inter-agency collaborative between the Ohio State Highway Patrol, Cincinnati Police Department, and the DEA-Cincinnati from 2017 - 2018, the assistant commander of the Ohio State Highway Patrol Wilmington District Criminal Patrol Unit from 2016 - 2017, assigned as a TFO with the West Central Ohio Crime Task Force in Lima Ohio from 2014 - 2016, and assigned as a road patrol trooper from 2004 - 2014.

3. During the course of my law enforcement career, I have had experience in debriefing defendants and interviewing participating witnesses, cooperating individuals and other persons who have personal knowledge and experience regarding the amassing, spending, conversion, transportation, distribution, and concealment of records and proceeds of trafficking in controlled substances.

4. This affidavit is submitted in support of applications for warrants to seize the following property:

    a. A 2013 Chrysler 200, VIN 1C3CCBBB0DN574030, equipped with aftermarket hidden compartments, bearing Oklahoma license plate "KWJ748"; and

    b. Approximately $59,800.00 in United States Currency.

5. Your affiant submits that there is probable cause to believe that the subject property is property constituting, or derived from, proceeds obtained, directly or indirectly as a result of violations of 21 U.S.C. § 841 and/or 21 U.S.C. § 846, and/or is property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violations and is therefore subject to seizure and forfeiture by the United States of America pursuant to 21 U.S.C. § 853(a)(1) and (2) and/or 21 U.S.C. § 881(a)(6) (forfeiture authority), and 18 U.S.C. § 981(b), as incorporated by 21 U.S.C. § 881(b), 21 U.S.C. § 853(f), and Rule 41 of the Federal Rules of Criminal Procedure (seizure authority).

6. The information contained in this affidavit is based upon information developed during the investigation of Gerardo Javier Murillo Guzman. My knowledge of the investigation in this case is based upon my own personal observations, as well as the observation and

1

investigation conducted by other law enforcement officers knowledgeable of the facts and circumstances involved in the subject investigation.

7. Because this affidavit is submitted for the limited purpose of establishing probable cause to obtain seizure warrants for the above listed property, each and every fact known to your affiant concerning the investigation in this case has not been provided.

8. This Court has jurisdiction to issue the requested seizure warrants because this is a "district in which a forfeiture action against the property may be filed under section 1355(b) of title 28." *See* 18 U.S.C. § 981(b)(3) ("Notwithstanding the provisions of rule 41 of the Federal Rules of Criminal Procedure, a seizure warrant may be issued pursuant to this subsection by a judicial officer in any district in which a forfeiture action against the property may be filed under section 1355(b) of title 28, and may be executed in any district in which the property is found . . . ."). More specifically, venue is proper because several "of the acts or omissions giving rise to the forfeiture occurred" within the Southern District of Ohio, as described in further detail in the following paragraphs. *See id.* § 1355(b)(1)(A).

### Probable Cause

9. On or about February 18, 2021, Ohio State Highway Patrol (OSP) Trooper Nicholas Lewis (Trooper Lewis) initiated a traffic stop on US Route 35 in Jackson County, Ohio, on a 2013 Chrysler 200 bearing Oklahoma license plate "KWJ748", for a marked lanes violation. Upon making contact with the Chrysler's occupants, the driver presented an identification card from Mexico and was identified as Gerardo Javier Murillo Guzman (MURILLO GUZMAN). The passenger presented a State of Oklahoma operator's license and was identified as Kaylie Riss (RISS).

10. During the course of the traffic stop, MURILLO GUZMAN advised Trooper Lewis that he and RISS had been in Columbus, Ohio, since the previous Monday to attend a wedding and were destined for North Carolina to pick up a friend and then all were continuing on to Oklahoma.

11. Trooper Lewis asked MURILLO GUZMAN for consent to search the vehicle and MURILLO GUZMAN verbally granted consent.

12. Trooper Lewis, with the assistance of OSP Trooper Michael Phipps, searched the Chrysler. While searching, Trooper Lewis observed what appeared to be an aftermarket hidden compartment built into the Chrysler's driver's side floorboard when he looked under the car. Trooper Lewis pulled back the driver's side floorboard carpet and observed an access panel for the compartment. He opened it and found it to be empty.

13. After seeing this, Trooper Phipps inspected the passenger side floorboard and observed another hidden compartment that was of identical build to the hidden compartment found on the Chrysler's driver's side. Trooper Lewis and Trooper Phipps opened the compartment on the passenger side and located an unknown amount of United States Currency and two packages wrapped in tape and cellophane.

2

14. Based upon their training and experience, Troopers Lewis and Phipps both immediately identified the packages to be consistent with the packaging and appearance of kilogram packages for illegal narcotics. Upon field-testing the packages, the contents was found to be positive for cocaine.

15. The two packages of suspected cocaine found in the Chrysler were submitted to the OSP Crime Lab and found to be approximately 2,001.5 grams of cocaine.

16. A count of the currency found in the Chrysler revealed that the currency totaled approximately $59.800.00 in United States Currency.

17. During the traffic stop, MURILLO GUZMAN and RISS were both advised of their Miranda warnings. MURILLO GUZMAN and RISS both acknowledged they understood their rights and did not request to speak to an attorney. OSP Sergeant John Silvey asked MURILLO GUZMAN about the Chrysler. MURILLO GUZMAN initially advised that he had purchased the Chrysler one month ago.

18. Following the traffic stop, MURILLO GUZMAN was interviewed by DEA Special Agent Clark and DEA TFO Baer. MURILLO GUZMAN was again advised of his Miranda warnings and agreed to speak with investigators without an attorney present. MURILLO GUZMAN asserted that an unidentified individual had recently paid him $1,500.00 and provided him with the title to the Chrysler in exchange for driving the Chrysler to Columbus, Ohio. MURILLO GUZMAN stated he was directed to leave the Chrysler unlocked in a parking lot in the Columbus, Ohio area overnight. He said he was directed to then drive the vehicle to North Carolina the following day.

19. MURILLO GUZMAN asserted that he did not have direct knowledge of the cocaine or the United States Currency found in the Chrysler but he assumed that the set-up and trip was drug related.

20. MURILLO GUZMAN asserted that he did not share the reason for the trip with RISS, however when Trooper Lewis later reviewed his patrol vehicle's in-car camera video, he noted that he could hear MURILLO GUZMAN and RISS talking about the location of the contraband. He also noted that they discussed that they would deny any involvement by RISS.

21. RISS was interviewed by DEA Special Agent Clark and Task Force Officer Baer. RISS was also again advised of her Miranda warnings, she acknowledged her rights and did not request an attorney. RISS stated she and MURILLO arrived in Columbus, Ohio, on February 15, 2021. RISS stated MURILLO offered to pay her an undiscussed amount of money to join him for the trip. RISS denied any knowledge of the cocaine or United States Currency found in the Chrysler.

## Conclusion

22. Your affiant submits that there is probable cause to believe that MURILLO GUZMAN and/or RISS has committed violations of 21 U.S.C. § 841(a)(1), namely manufacturing,

distribution, or dispensing, or possessing with intent to manufacture, distribute, or dispense, a controlled substance[1], and/or has conspired to commit such offense in violation of 21 U.S.C. § 846.

23. Based on my training, experience, knowledge, and the information obtained from this investigation, your affiant believes that probable cause exists that the 2013 Chrysler 200, VIN 1C3CCBBB0DN574030, equipped with aftermarket hidden compartments, bearing Oklahoma license plate "KWJ748," and the approximately $59,800.00 United States Currency seized from MURILLO GUZMAN and RISS on or about February 18, 2021, constitute, or were derived from, any proceeds obtained, directly or indirectly as a result of violations of 21 U.S.C. § 841 and/or 21 U.S.C. § 846, and/or were used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violations.

24. Therefore, your affiant submits that the 2013 Chrysler 200, VIN 1C3CCBBB0DN574030, equipped with aftermarket hidden compartments, bearing Oklahoma license plate "KWJ748," and the approximately $59,800.00 United States Currency are subject to seizure and forfeiture by the United States of America pursuant to 21 U.S.C. § 853(a)(1) and (2) and/or 21 U.S.C. § 881(a)(6) (forfeiture authority), and 18 U.S.C. § 981(b), as incorporated by 21 U.S.C. § 881(b), 21 U.S.C. § 853(f), and Rule 41 of the Federal Rules of Criminal Procedure (seizure authority).

25. Finally, your affiant seeks a combination civil-criminal seizure warrant because the United States may pursue civil and/or criminal forfeiture of the subject property. With respect to seizure for criminal forfeiture, your affiant asserts that a restraining order under 21 U.S.C. § 853(e) may not be sufficient to assure the availability of the subject property for forfeiture because such property can be moved, hidden, encumbered, or the value can be dissipated while subject to a restraining order, but those actions will be more difficult if the subject property is in the custody of the United States.

Respectfully submitted,

CHRISTOPHER L. ELLISON
Task Force Officer
Drug Enforcement Administration

Subscribed and sworn to before me on this 31 day of March, 2021.

CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE

---

[1] Controlled substances are defined under 21 U.S.C. § 802(6) as "a drug or other substance, or immediate precursor, included in schedule I, II, III, IV, or V of part B of this subchapter."

4